Belknap,
Feb. 5, 1952. } No. 4085.

NORMAN P. LYNCH *v.* LOWIE GRUNDY & a.

*Johnson & Keller (Mr. Johnson* orally), for the plaintiff.

*Bernard I. Snierson* (by brief and orally), for the defendants.

BLANDIN,. J. The plaintiff has chosen not to rescind but to stand on the contract and sue for damages for the breach. In the absence of proof of contrary doctrines in Massachusetts where the contract was signed, his rights are governed by our law. *Garapedian* v. *Anderson*, 92 N. H. 390.

The Trial Court ruled as a matter of law "that there was no violation of the specific covenants contained in the lease and that plaintiff was under a legal duty to inform defendants of his intention not to perform prior to June 15, 1950." These rulings were erroneous. It is conceded that the defendants did not have such equipment and facilities at the camp when they signed the lease as

they therein represented, although many of the needed articles were then at their day school in Massachusetts. Furthermore, the camp was not operated in 1949 and the defendants had been notified by the New Hampshire State Board of Health in the latter part of the 1948 season that the license required by law (R. L., c. 147, s. 24) to open the camp for the next year, would not be issued until substantial improvements were made.

The plaintiff inspected the camp several times during the months of May and June, including one visit as late as June 20. On occasion he complained that conditions were not satisfactory and he never took possession of the property, although he did not notify the defendants that he was not going to do so until July 15. On June 12 he received a letter from the Board of Health to the effect that certain things still remained to be corrected and that no license would be issued until they were done. When the payment of $1,000 came due on June 15, it was not made. Actually it was not until June 20, or even a few days later as the Court found, that the camp was in condition so that a license might properly have been granted.

On any fair interpretation of the lease, which is for this court, (*Smart* v. *Hernandez*, 95 N. H. 492, 496, and cases cited) it appears the defendants committed a breach of their covenants regarding the equipment and facilities on hand and other existing conditions as represented in the lease. The Court has found no estoppel exists against the plaintiff, and under all the circumstances here, we do not believe he was under any duty as a matter of law to notify the defendants before June 15 of any intention he may have had not to perform. The defendants have cited no authority to support such a proposition nor do we know of any. It cannot be said that the erroneous ruling in this regard did not affect the verdict. On the contrary it is probable that it accounted at least in part for the finding that the plaintiff waived any breach on the part of the defendant.

In view of the conclusions reached, it seems unnecessary to discuss further questions which may not arise again, and the order is

*New trial.*

All concurred.